## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MICHAEL DUCKWORTH,<br><br>        Plaintiff,<br><br>v.<br><br>GEORGIA DEPARTMENT OF HUMAN SERVICES,<br><br>        Defendant. | CIVIL ACTION FILE NO.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Michael Duckworth ("Plaintiff"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against the Georgia Department of Human Services (hereinafter "Defendant"), showing the following:

## I. NATURE OF COMPLAINT

1.     Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of his rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2.     This action seeks, *inter alia*, declaratory and equitable relief, along with monetary damages, attorney's fees, and costs.

## II. PARTIES

3.      Plaintiff is a resident of the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.      Defendant is governmental agency with headquarters at 2 Peachtree Street NW, 29th Floor, Atlanta, Georgia 30303.

5.      Defendant may be served with process by delivering a copy of the Complaint and Summons to its General Counsel, Stephen Harris, at 2 Peachtree Street, NW, Suite 29-210, Atlanta, Georgia 30303.

## III. JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

7.      This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Atlanta Division of the Northern District of Georgia.

8.      Plaintiff exhausted his administrative remedies in this matter.

9.      This action is timely commenced.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

11.    Defendant is now, and at all times relevant hereto, an employer subject to Title VII.

12.    Plaintiff is male.

13.    During all times relevant to this Complaint, Defendant was aware of Plaintiff's gender.

14.    Plaintiff was employed by Defendant in its Division of Family and Children Services from 2019 until his termination on May 15, 2020.

15.    Plaintiff was initially hired by Defendant as a Social Services Specialist 2 in the Clayton County Foster Care Unit.

16.    In August 2019, Plaintiff was reassigned to Defendant's Child Protective Services unit.

17.    In November 2019, Plaintiff completed the required training for his new position.

18.    During all times relevant to these claims, Plaintiff was the only male employed by Defendant in the Foster Care department.

19.    Prior to 2020, Plaintiff had a positive work history with Defendant and received no reprimands or other indication of poor performance.

20.    In December 2019, Plaintiff requested two days off.

21.    Plaintiff was told by Defendant that his request was approved.

22.    When Plaintiff's requested days off arrived, however, he was told that he needed to report into work.

23.    After being denied his time off, Plaintiff verbally inquired about the denial.

24.    Similarly situated female employees were not similarly denied approved time off.

25.    Plaintiff was thereafter given a poor evaluation regarding his work performance.

26.    In January 2020, Plaintiff inquired regarding a transfer of departments and denial of time off requests.

27.    Plaintiff thereafter began to experience difficulty getting management's approval for work related tasks, such as timesheets.

28.    In February 2020, Plaintiff was placed on a 60 day Performance Improvement Plan ("PIP").

29.    Plaintiff was thereafter removed from his work cubicle.

30.    Similarly situated female employees were not similarly removed from their cubicles.

31.    On May 14, 2020, an Administrative Supervisor emailed Plaintiff.

32.    The Administrative Supervisor indicated that Plaintiff's phone and laptop

need to be evaluated.

33.    On May 15, 2020, Plaintiff was terminated from his employment with Defendant.

34.    No business reason was provided for Plaintiff's termination.

35.    Defendant terminated Plaintiff's employment in violation of Title VII.

36.    Plaintiff filed a claim with the EEOC, Charge Number 410-2021-00965.

37.    Plaintiff received his Dismissal and Notice of Rights, dated August 2, 2022.

## V. CLAIMS FOR RELIEF

## COUNT I:
## GENDER DISCRIMINATION

38.    Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

39.    Plaintiff was qualified for the position at issue.

40.    Plaintiff is a member of a protected class by virtue of his gender.

41.    During all time periods relevant to this Complaint, Defendant was aware of Plaintiff's gender.

42.    Plaintiff suffered the adverse action of termination.

43.    The disparate treatment of Plaintiff versus his female comparators is evidence of a discriminatory animus.

44.    Defendant's business reason is illegitimate.

45.    Defendant's violation of Title VII was willful.

46.    Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

47.    As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

48.    Plaintiff is entitled to lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay and benefits in lieu thereof, and any other relief available under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

     a.  Trial by jury;

     b.  That judgment be entered against Defendant on all claims;

     c.  Actual and compensatory damages;

     d.  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts;

     e.  Reasonable attorney fees and expenses of litigation;

     f.  Prejudgment interest at the rate allowed by law;

     g.  Declaratory relief to the effect that Defendant violated Plaintiff's

statutory rights;

h. Injunctive relief prohibiting Defendant from further unlawful conduct

of the type described herein; and

i. Any other relief this Court deems proper and just.

Respectfully submitted this 31st day of October, 2022.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Kirby G. Smith
Kirby G. Smith
Georgia Bar No. 250119
Amanda Brookhuis
Georgia Bar No. 601396
*Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.


Respectfully submitted this 31st day of October, 2022.


THE KIRBY G. SMITH LAW FIRM, LLC

s/Kirby G. Smith
Kirby G. Smith
Georgia Bar No. 250119
*Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com