IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL DUCKWORTH,
   Plaintiff,

v.

GEORGIA DEPARTMENT OF HUMAN SERVICES,
   Defendant.

Civil Action No.
1:22-cv-04326-SDG

**OPINION AND ORDER**

This matter is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge John K. Larkins III [ECF 21], which recommends that Defendant Georgia Department of Human Services' (DHS) motion to dismiss Plaintiff Michael Duckworth's amended complaint [ECF 9] be granted. For the following reasons, the R&R's recommendations are **ADOPTED** and DHS's motion to dismiss is **GRANTED**.

**I.   BACKGROUND**

This case arises out of an employment dispute between DHS and Duckworth, its former employee. Duckworth was hired by DHS in February 2019 as a "Social Services Specialist 2" in the Clayton County Foster Care unit and was reassigned to the same-titled position with DHS's Child Protective Services unit in August 2019.[1] Duckworth was the only male employee in either unit during his

---

[1]  ECF 7, ¶¶ 15, 17.

1

employment,[2] from which he was terminated on May 15, 2020, allegedly without being provided a "business reason".[3]

Following his termination Duckworth sued, alleging that DHS fired him because of his sex in violation of Title VII of the Civil Rights act of 1964.[4] DHS moved to dismiss,[5] and Judge Larkins issued his R&R recommending that this Court grant DHS's motion.[6] Duckworth timely filed objections, asserting that the R&R improperly construed facts in favor of DHS by concluding that Duckworth did not sufficiently plead (1) that similarly situated employees outside Duckworth's protected class were treated more favorably or (2) a claim of discrimination based on the "convincing mosaic" standard. On both points, Duckworth objects that Judge Larkins held Duckworth to "an improperly-heightened pleading standard."[7] Because the Court finds no error in the ultimate conclusions of the R&R, Duckworth's objections are overruled and the R&R's recommendations are adopted.

---

[2]   *Id.* ¶¶ 16, 24.

[3]   *Id.* ¶¶ 48–49.

[4]   ECF 7.

[5]   ECF 9.

[6]   ECF 21.

[7]   ECF 24, at 7.

**II.     STANDARD OF REVIEW**

In reviewing an R&R to which objections have been filed, a district court must review the objected-to parts of the R&R *de novo*, 28 U.S.C. § 636(b)(1), provided the objecting party "clearly advise[s] the district court and pinpoint[s] the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). Where the objections are "not specific enough or clear enough to permit the district court to effectively review the magistrate judge's ruling," *Schultz*, 556 at 1360, the district court must ensure only that the R&R is not "clearly erroneous or … contrary to law," Fed. R. Civ. P. 72(b). A district court may, in its discretion, consider or decline to consider arguments that were never presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). It may otherwise "accept, reject, or modify, in whole or in part," the R&R's factual findings and legal recommendations under its broad discretion. 28 U.S.C. § 636(b)(1).

**III.    DISCUSSION**

    **A.    Legal Standard**

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a

3

cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), as here, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable." *Twombly*, 550 U.S. at 556. However, "where the well-pleaded facts do not permit the court to infer more than the *mere possibility* of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (emphasis added). Thus, where a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.[8]

---

8   Duckworth's objections cite a series of cases articulating the now-abrogated "notice pleading" standard. ECF 24, at 4–5. Duckworth thus asks the Court to review his complaint for whether it gives the DHS "fair notice" of the claim and the grounds on which it is based. *Id.* at 4. Duckworth also asserts that the Court should not dismiss his claims if there exists "any set of facts that *could* be proved consistent with the allegations," *id.* (emphasis added) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)), and unless it is "beyond a doubt that the plaintiff can prove **no set** of facts in support of his claim which would entitle him to relief," *id.* (emphasis in original) (quoting *Fernandez-*

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011). However, this principle does not apply to legal conclusions set forth in the complaint. *Iqbal*, 556 U.S. at 678. Thus, the Supreme Court in *Iqbal* followed a two-step approach in analyzing the complaint before it. First, it identified those conclusory allegations in the complaint that were "not entitled to the assumption of truth," and discounted them. *Iqbal*, 556 U.S. at 680–81. Second, it considered the remaining "factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

### B.   Pleading Standard in Title VII Discrimination Cases

Having reviewed the applicable pleading standard under the Federal Rules, the Court next discusses how that standard should be applied in a Title VII employment discrimination case like this one. Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a claim for disparate-treatment discrimination under Title VII in a case

---

*Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 285 (5th Cir. 1993)). However, these cases no longer supply the applicable standard.

like this one, a complaint must contain "enough factual matter (taken as true) to suggest" intentional discrimination based on a protected trait. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). To do so, a complaint must allege facts that support a reasonable inference that the plaintiff (1) was subject to an adverse employment action, and (2) the reason for this adverse employment action was intentional discrimination. *Davis v. Leg. Servs. Ala., Inc.*, 19 F.4th 1261, 1265 (11th Cir. 2021). No party has objected to the R&R's conclusion that the complaint sufficiently alleges Duckworth was subject to an adverse employment action when DHS terminated him.[9] Thus, the only remaining issue is whether the complaint sufficiently alleges that Duckworth was terminated because of intentional discrimination.

One way that a plaintiff can prove intentional discrimination is through the *McDonnell Douglas* burden-shifting framework. Under that framework, the plaintiff first establishes a *prima facie* case by showing that he (1) is a member of a protected class, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than a similarly situated individual not in the protected class. *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003). The "similarly situated

---

[9]   ECF 21, at 11.

individual" for purposes of the *McDonnell Douglas prima facie* case must be "similarly situated in *all material respects.*" *Lewis v. City of Union City*, 918 F.3d 1213, 1231 (11th Cir. 2019) (en banc) (emphasis added).

Importantly, however, the four elements of the *prima facie* case are not substantive elements of liability that must be pled to state a claim under Title VII.[10] *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510–11 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). As the Eleventh Circuit has consistently noted, navigating the *McDonnell Douglas* framework is not required to survive summary judgment, let alone a motion to dismiss. *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 944–45 (11th Cir. 2023). That is because "[a] plaintiff who cannot satisfy this framework may still be able to prove her case with what we have sometimes called a 'convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.'" *Id.* at 946 (quoting *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1327–28 (11th Cir. 2011)). Just as a plaintiff "will always survive summary judgment if he presents

---

[10] DHS misstates this standard in its briefing, conflating the elements of a prima facie case with those necessary to "state a claim for gender discrimination under Title VII." ECF 9, at 5.

circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent," *id.*, a plaintiff will always survive a motion to dismiss if his complaint contains sufficiently well-pled facts to make a claim of intentional discrimination "plausible on its face," *Twombly*, 550 U.S. at 570.

Certainly, a plaintiff *could* frame his complaint in terms of a *McDonnell Douglas prima facie* case, and, if done successfully, survive a motion to dismiss. However, where a plaintiff fails to plead comparators that are "similarly situated in all material respects," and thus fails to plead a *prima facie* case, the comparator allegations may yet remain "relevant to the ultimate question of intentional discrimination" when the allegations are "taken as a whole." *Tynes*, 88 F.4th at 947. In other words, even where a complaint does not allege comparators who are "viable" to establish a *prima facie* case, the comparator allegations, and the relative strength of the similarities alleged, may yet inform the Court's analysis of the complaint under the "convincing mosaic" framework.[11] Thus, the proper question

---

[11] The Court ultimately agrees with the R&R that Duckworth's factual allegations about comparators fail to provide sufficient detail of similarity to raise a plausible inference of intentional discrimination. However, the R&R was issued before the Eleventh Circuit's ruling in *Tynes*, which clarified the ongoing significance of comparators who fall short of the "similarly situated in all material respects" standard. The R&R suggests that comparator allegations that aren't "viable" under *McDonnell Douglas* are also insufficient to undergird a plaintiff's presentation of a convincing mosaic. ECF 21, at 16. However, *Tynes* clarified that even comparators with "material differences" may provide a jury with grounds to reasonably infer intentional

under this framework, and indeed the question that is ultimately dispositive on a motion to dismiss, is whether the plaintiff has alleged enough facts taken as a whole, including those relating to the existence and degree of similarity of disparately treated individuals, to make the plaintiff's claim of intentional discrimination plausible on its face.

### C.  Duckworth's Complaint Fails to Allege a Plausible Claim.

Applying that standard to Duckworth's complaint, its allegations are too threadbare and conclusory to support a plausible claim of intentional discrimination by DHS under either the *McDonnell Douglas* framework or the so-called "convincing mosaic" analysis. In reaching that conclusion, the Court follows the two-step approach set out in *Iqbal*, meaning it first identifies the allegations in Duckworth's complaint that are "legal conclusions masquerading as facts" so that they may be disregarded. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The Court accordingly disregards any bare allegation that another employee was "similarly situated," as asserting a legal conclusion that must be supported by some alleged fact: that an employee had held the same position as Duckworth, for example, or had worked at the company for a comparable length of time, or had performed at a similar level.

---

discrimination when considering the "evidence, taken as a whole," which is precisely what the "convincing mosaic" approach calls for. 88 F.4th at 947.

With those conclusory allegations removed, Duckworth's complaint contains the following factual content from which he contends the Court should infer intentional discrimination as the reason for his termination:

1. Duckworth's initial training was delayed by DHS's training coordinator "because of the associated cost,"[12] while certain female employees "in the same position" as Duckworth did not have their training delayed;[13]

2. Duckworth's previously approved time-off requests were rescinded by his supervisor Nadia Holmes, unlike (to Duckworth's knowledge) any other female employee;[14]

3. Holmes caused delays that in turn caused Duckworth to submit untimely assignments, which untimeliness was then cited by Holmes in giving Duckworth a poor performance evaluation;[15]

4. Duckworth's departmental transfer request was denied,[16] while certain female employees "received favorable treatment concerning department transfers,"[17] including an employee named Shedra who had a worse disciplinary history than Duckworth;[18] and

5. Duckworth was put on a 60-day performance improvement plan and removed from his cubicle, unlike (to Duckworth's knowledge) any other female employee.[19]

---

[12] ECF 7, ¶ 19.

[13] *Id.* ¶ 20.

[14] *Id.* ¶¶ 26–30.

[15] *Id.* ¶¶ 31–34.

[16] *Id.* ¶ 36.

[17] *Id.* ¶ 38.

[18] *Id.* ¶ 39.

[19] *Id.* ¶¶ 41–43.

Under *Iqbal's* second step, the question is whether these allegations, taken as true with all reasonable inferences drawn in Duckworth's favor, plausibly give rise to a claim for relief under Title VII. The Court concludes that they do not.

Duckworth's allegations neither make out a *prima facie* case under *McDonnell Douglas* nor contain sufficient factual content to plausibly allow an inference of intentional discrimination. As the R&R points out, Duckworth "essentially concedes that he has been unable to plead specific facts to establish a viable comparator" under *McDonnell Douglas*:[20] the allegations in his complaint do not come close to indicating the existence of another employee "similarly situated in all material respects."

Nor do Duckworth's allegations warrant an inference of intentional discrimination under a convincing mosaic standard. The allegations, taken as true for purposes of his motion, show that Duckworth received unfavorable treatment at work and that certain female employees did not. But those are not the elements of a Title VII disparate-treatment claim, under which Duckworth must prove that he was *terminated because of* his sex. And no reasonable inference can bridge the gap between what Duckworth has pleaded and what he must plead to state a claim. The complaint lacks allegations from which the Court can infer a logical

---

20   ECF 21, at 12.

connection between the unfavorable treatment Duckworth received and his ultimate termination, or between his female co-workers' relatively favorable treatment and DHS's alleged discriminatory intent.

For instance, with respect to the alleged similar-yet-disparately-treated female employees, the only well-pleaded facts are as follows: (1) someone named Shedra was approved for a department transfer while Duckworth's transfer request was denied,[21] and (2) Duckworth's initial training was delayed by DHS's training coordinator while some female employees "in the same position" as Duckworth did not have their training delayed.[22] First, Duckworth pleads *no facts* supporting a conclusion that Shedra, the only specifically named comparator in the complaint, is similar to him *in any way*.[23] The only fact he alleges about Shedra is that she was *different* from him given that she had a disciplinary history while he did not.[24] Second, Duckworth only alleges that the unnamed female employees who did not have their training delayed were "in the same position as him" and does not specifically repeat this claim for female employees who (1) did not have time-off request approvals rescinded as he did, (2) received favorable treatment

---

[21]   ECF 7, ¶¶ 36, 39.

[22]   *Id.* ¶ 20.

[23]   *Id.* ¶ 39.

[24]   *Id.* ¶¶ 36, 39.

regarding department transfers, or (3) were not removed from their cubicles for disciplinary reasons.[25] However, assuming that Duckworth had pled this additional fact in the later examples, merely being in the same position as someone outside one's protected class is not enough to infer discriminatory animus any time such persons are treated differently.

Duckworth also notes "Defendant's failure to provide any business reason for Duckworth's termination" as part of the convincing mosaic of discrimination.[26] However, this fact hardly supports a plausible inference of discrimination where "employers are free to fire their employees for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Flowers v. Troup Cnty., Ga., Sch. Dist.*, 803 F.3d 1327, 1338 (11th Cir. 2015) (quotation marks and citation omitted).

Lacking concrete allegations, Duckworth asks the Court to speculate: speculate that his female co-workers are sufficiently similarly situated such that

---

[25] *Id.* ¶¶ 30, 38, 43. Duckworth attempts to rescue this deficiency in his response to DHS's motion to dismiss by stating that it was "the same female employees" making up the similarly situated group in ¶¶ 30, 38, and 43 as those mentioned in ¶ 20. ECF 19, at 8. But the complaint does not ever allege that or otherwise state that the "similarly situated female employees" referred to in those later paragraphs held the same position as Duckworth.

[26] ECF 24, at 11.

their disparate treatment could support an inference of discriminatory intent,[27] and speculate that the discriminatory intent causing their disparate treatment is the same discriminatory intent that caused his ultimate termination.[28] *Iqbal*, *Twombly*, and the Federal Rules require more. Because Duckworth fails to allege sufficient facts to raise his "right to relief above the speculative level," *Twombly*, 550 U.S. at 555, this Court agrees with the R&R's conclusion that "Plaintiff has not pleaded facts that plausibly suggest, rather than allow for the mere possibility, that his discharge was related to his sex or gender."[29] Dismissal of Duckworth's complaint is therefore proper.

---

[27] *Id.* at 9–10. Duckworth argues that the following is the applicable standard: "Can the Court review the facts provided by Plaintiff regarding his comparators and *plausibly assume* that the other possible criteria that would determine whether the comparators are in fact comparable will land in Plaintiff's favor?" *Id.* (emphasis added). Duckworth provides no case law in support of such a standard, and the Court declines to adopt it.

[28] ECF 19, at 7 (arguing that the complaint alleges "actions that bolstered Plaintiff's belief that his termination was based on his gender and that could lead a reasonable fact finder to find the same").

[29] ECF 21, at 13.

## IV.     CONCLUSION

The Court **ADOPTS** the R&R [ECF 21] in its entirety. DHS's motion to dismiss [ECF 9] is **GRANTED**. Duckworth is granted leave to file an amended complaint consistent with this Order within 30 days, if he wishes. In the interim, the Clerk of Court is **DIRECTED** to administratively close this case. If no amended complaint is filed within 30 days of this Order, the case shall be dismissed with prejudice at that time.

**SO ORDERED** this 31st day of March, 2024.

Steven D. Grimberg
United States District Judge